**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | |
|---|---|
| ANGELA M. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:23-CV-520 RLW |
| ) | |
| MATT BRIESCHER, ) | |
| Missouri Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff Angela M. Brown's response to the Court's Order to Show Cause. (ECF No. 14). The Court has reviewed Plaintiff's response, and for the reasons that follow, it will allow her to file a response in opposition to Defendant Matt Briescher's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Background*

Plaintiff brings this suit against Defendant Matt Briescher of the Missouri Department of Corrections alleging, among other things, employment discrimination based on disability. Plaintiff, who is proceeding in this matter pro se without the assistance of counsel, filed her Complaint using the district's form complaint. On October 19, 2023, Defendant Briescher filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 11). Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner, and on November 17, 2023, the Court issued an Order to Show Cause. (ECF No. 13). Plaintiff was ordered to show cause, in writing, before December 4, 2023, why she failed to respond to Defendant's Motion to Dismiss her Complaint.

On December 4, 2023, Plaintiff filed a response to the Court's Order to Show Cause.[1] (ECF No. 14). Plaintiff states in her response that she is "in a cancer scare phase of her illness" and "was not thinking very straight … ." (Id.) Plaintiff does not request that she be allowed to respond to the Motion to Dismiss, but rather she states, "I have lots of information I would love for you to see about this case and hoping we can continue." (Id.) Plaintiff states that she "won't let the Court down again." (Id.)

Although Plaintiff is representing herself without the assistance of counsel, she is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and applicable local rules. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri provides, "each party opposing a motion . . . must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B). When a party cannot meet a deadline, the party must file a motion for leave to file a

---

[1]Plaintiff's response to the Court's Order to Show Cause does not comply with Local Rule 2.01, which provides as follows:

> All filings, unless otherwise permitted by leave of Court, shall be in 12 point or larger font, double spaced, typed or legibly written on 8 ½ by 11-inch pages, and shall contain the signature of the self-represented party …. Immediately beneath each signature shall appear the self-represented party or party attorney's name, address, telephone number, email address ….

E.D.Mo. L.R. 2.01 (emphasis added). Plaintiff's future filings must comply with this Local Rule, or they will be stricken from the record for filing error.

document out of time.  The Court may extend the deadline for good cause shown or because of excusable neglect.  Fed. R. Civ. P. 6(b).

In this instance, the Court will allow Plaintiff to file a response to Defendant's Motion to Dismiss out of time.  The response shall address the arguments Defendant makes in his Motion.  When ruling on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court reviews the allegations in the pleadings, that is, what has been alleged in the Complaint.  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Therefore, in deciding Defendant's motion, the Court will not consider whether Plaintiff has evidence to prove her allegations.  Plaintiff should not submit evidence or exhibits in response to Defendant's Motion to Dismiss.

In addition, Plaintiff shall familiarize herself with the Local Rules and Federal Rules of Civil Procedure.  A copy of the Court's Local Rules can be found on the website for the U.S. District Court Eastern District of Missouri.  See https://www.moed.uscourts.gov/local-rules.  Other resources for self-represented parties can be found on the District's website as well, including links to the Federal Rules of Civil Procedure.  In the future, Plaintiff shall comply the Court's orders and the applicable rules of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Angela M. Brown is **GRANTED** leave to file a response in opposition to Defendant's Motion to Dismiss.  Plaintiff shall file her response memorandum, which must comply with Local Rule 2.01 and not exceed 15 pages double spaced, on or before **February 20, 2024**.  Defendant shall file his reply, if any, on or before **March 5,**

**2024.** If Plaintiff fails to comply with the terms of this Memorandum and Order and file a timely response in opposition to Defendant's Motion to Dismiss, the Court will take up Defendant's Motion without a response from Plaintiff.

**IT IS FURTHER ORDERED** that in all future filings, Plaintiff shall comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District of Missouri.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of January, 2024.