UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA M. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:23-CV-520 RLW |
| MATT BRIESCHER | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Matt Briescher Missouri Department of Corrections' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11). Plaintiff Angela M. Brown, who is proceeding in this matter pro se without the assistance of counsel, opposes the motion. The motion is fully briefed and ripe for review. For the reasons that follow, the Court grants Defendant Matt Briescher Missouri Department of Corrections' Motion to Dismiss.

*I. Background*

On April 21, 2023, Plaintiff Angela M. Brown filed an Employment Discrimination Complaint (hereinafter "Complaint") against Matt Briescher Missouri Department of Corrections ("MDOC").[1] The Complaint, which was filed on a form complaint purports to bring claims of

---

[1] From the Complaint, it is not entirely clear if Plaintiff intends to pursue claims against Matt Briescher only, or if she intends to bring claims against MDOC as well. The Motion to Dismiss was filed by "Defendants Matt Briesacher [sic] and Missouri Department of Corrections." (ECF No. 11 at 1). For purposes of this motion, the Court will liberally construe Plaintiff's Complaint and review Plaintiff's claims as to both Defendant Briescher and MDOC.

disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., ("ADA"), and for harassment and retaliation.  (ECF No. 1 at 2).

## II.  Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction that asserts a facial challenge under Rule 12(b)(1).  See Titus v. Sullivan, 4 F.3d 590, 593 n.1 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990); see also Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980) (applying Rule 12(b)(6) standard to dismissal for lack of subject matter jurisdiction).

A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim. See Swierkiewicz v. Sorema, 534 U.S. 506, 510–12 (2002); Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1014 (8th Cir. 2013). The elements of a prima facie case are relevant, however, as they are "part of the background against which a plausibility determination should be made." Blomker, 831 F.3d at 1056 (citing Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 57 (1st Cir. 2013)).

A complaint filed by a pro se plaintiff should be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint, however, "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914 (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

### III. Plaintiff's Factual Allegations

The Complaint alleges that Plaintiff was hired by MDOC on June 11, 2018, as a Corrections Officer. Plaintiff states that she was proud "to earn her badge," but her "excitement

3

quickly turned into other things." (ECF No. 1 at 5). Plaintiff alleges that because she refused to flirt, listen to jokes of a sexual nature, or engage in improper or "sketchy" behavior toward the offenders and her co-workers, "word got around" that she was not a "team player" and that she "turned people in." (Id.) "Other [Corrections Officers], Sargeants [sic], Lieutenants, Captains, Wardens, [Assistant] Wardens, payroll, administration, new [Corrections Officers] coming out of the Academy, offenders, and other staff started distributing misinformation, embarrassment, ridicule, intimidation, torment, dangerous happenings all coming directly at me and the extent to which these people went to destroy my career and my entire life." (Id.) Plaintiff asserts that she struggled to keep her job, insurance, health, and livelihood. Plaintiff alleges that she was subject to "disparate treatment, harassed and bullied, and finally terminated wrongfully during COVID-19, 2020 because I was running a fever for 3 days." (Id. at 6).

> Plaintiff also writes:
>
> Every time I filed a report, dates will show I was called in for disciplinary meetings. COIII's would ask me in front of others what was wrong with me why I was sick and what is it I have[.]  I will show times I was disciplined while on FMLA[.]  All reports when I feel I was put in harms [sic] way on purpose by my supervisors[.] Ignored and made fun of over every investigation of Retaliation.  Treated differently than other officers[.] My health records passed from person to person[.] Harassed over FMLA through emails, denied my grievance procedure [with] my union and treated differently [and] then terminated during COVID-19 – quarantine, denied the ordered paid leave time when sick and taking care of family member, was retaliated against on several occasions[.] Denied ADA accommodations[.]

(Id.). Plaintiff alleges that she was discharged from MDOC on October 9, 2021.

On the form complaint, Plaintiff checked the boxes indicating that she is bringing suit under the ADA for disability discrimination and for harassment and retaliation. (Id. at 1-2). She further indicates that the conduct alleged involves the following: termination of employment, failure to accommodate her disability, the terms and conditions of her employment differed from those of

4

similar employees, retaliation, and harassment. Plaintiff also checked the box for "other conduct" and wrote the following:

> During disciplinary meetings, I was denied my co-worker witness on several occasions with my Union and other Federally Protected Violation [sic] of Laws, [and] treated very differently than other co-workers. Placed in harms [sic] way by supervisors.

(Id. at 4).

In the Complaint, there are no factual allegations concerning conduct by or involving Defendant Briescher. He is listed in the case-caption and under the section titled "Parties." (Id. at 1-2). In her Response in Opposition to the Motion to Dismiss, Plaintiff identifies Matt Briescher as being the Director of Human Resources for MDOC.

For relief, Plaintiff requests "restitution for damages, reparation damages, punitive, exemplary, compensatory damages, and emotional distress," for a total amount of $5,198,400.00. (ECF No. 1 at 7). Plaintiff attached to her Complaint a copy of a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated January 22, 2023.

## IV. Discussion

Defendant Briescher and MDOC move to dismiss Plaintiff's claims on a number of grounds. They argue MDOC is entitled to Eleventh Amendment sovereign immunity for claims based on alleged violations of the ADA. Defendant Briescher argues that he cannot be held liable under the ADA, because he is not an employer within the meaning of the statute. Defendant Briescher and MDOC further argue that Plaintiff fails to allege sufficient facts that she is disabled within the meaning of the ADA. Finally, Defendant Briescher and MDOC argue Plaintiff has not exhausted her administrative remedies for claims of harassment and retaliation.

5

### A. Official Capacity Claims Against Defendant Briescher and Eleventh Amendment Sovereign Immunity

Plaintiff brings suit against "Matt Briescher Missouri Department of Corrections." As stated above, it is not clear whether she is bringing claims against Matt Briescher only or if her claims are against Matt Briescher and MDOC. This distinction, however, is without a difference because Plaintiff does not specify in which capacity Defendant Briescher is being sued. When a complaint is silent as to the capacity in which a governmental official is being sued, the complaint is interpreted as including official capacity claims only. Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007); see also Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Therefore, Plaintiff's claims against Defendant Briescher are claims against him in his official capacity only.

An official capacity claim against an individual is actually "against the governmental entity itself." White v. Jackson, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson, 172 F.3d at 535. Naming a state official in his or her official capacity is the equivalent of naming the state entity that employs the official. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Plaintiff is asserting claims for disability discrimination under the ADA against Defendant Briescher in his official capacity. Therefore, the Court must determine whether Plaintiff, a private individual, may bring an ADA employment discrimination claim against Defendant Briescher's employer, MDOC, which is an agency of the State of Missouri.

6

Defendant Briescher and MDOC argue Plaintiff's ADA claims are barred under the Eleventh Amendment. States are entitled to sovereign immunity under the Eleventh Amendment of the U.S. Constitution, which states: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States, by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although not explicitly stated in the text of the Eleventh Amendment, "since 1890, the Supreme Court has held that Eleventh Amendment sovereign immunity extends to claims by a state's own citizens." Lors v. Dean, 746 F.3d 857, 862 (8th Cir. 2014). Therefore, a private individual may not sue a state in federal court for violations of a federal statute, unless in enacting the statute Congress clearly and properly abrogated the States' right to Eleventh Amendment sovereign immunity. Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 55 (1996).

In Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 360 (2001), the U.S. Supreme Court examined whether the States are immune from employment discrimination claims filed by private citizens under the ADA. After analyzing the issue, the Supreme Court held that in enacting Title I of the ADA, Congress had not properly abrogated the States' right to sovereign immunity under the Eleventh Amendment. Id. Therefore, under Supreme Court law, the States and their agencies enjoy sovereign immunity from lawsuits seeking money damages that are filed pursuant to Title I of the ADA, which prohibits employment discrimination on the basis of disability. Id. at 374. See also Klingler v. Dir., Dep't of Revenue, State of Mo., 455 F.3d 888, 893 (8th Cir. 2006) (holding the Eleventh Amendment prevented the plaintiffs from obtaining monetary relief against the State of Missouri for violations of Title I of the ADA).

There are exceptions to Eleventh Amendment sovereign immunity. A state may waive sovereign immunity by consenting to suit in federal court. Seminole Tribe of Florida, 517 U.S. at 47. Also, under Ex parte Young, 209 U.S. 123 (1908), a plaintiff may file suit in federal court

against a state official seeking prospective equitable relief for ongoing violations of federal law. Neither of these exceptions apply in this case. Plaintiff is seeking money damages, not prospective, injunctive relief, and the State of Missouri has neither consented to suit nor waived sovereign immunity. Accordingly, the Court must find MDOC is entitled to Eleventh Amendment sovereign immunity as to Plaintiff's claims for money damages for disability discrimination under the ADA.[2]

### B.   ADA Claims against Defendant Briescher Individually

Although Plaintiff's Complaint is silent as to the capacity in which Defendant Briescher is being sued, and the Court must construe the claims against him as official capacity claims, to the extent Plaintiff would seek to bring claims against Defendant Briescher in his individual capacity, Plaintiffs claims would fail for two reasons.

First, there are no factual allegations in the Complaint as to conduct by or involving Defendant Briescher. Defendant Briescher is only listed in the case-caption of the Complaint and

---

[2] In her Complaint, Plaintiff checked the boxes for "Retaliation" and "Harassment." Although it is not clear if Plaintiff intends to bring these claims under the ADA or another statute, to the extent she is bringing them under the ADA, the claims also would be subject to Eleventh Amendment sovereign immunity. Harassment claims, also know as hostile work environment claims, are cognizable as a form of employment discrimination under the Title I of the ADA, Shaver v. Indep. Stave Co., 350 F.3d 716, 720 (8th Cir. 2003), and therefore, the State of Missouri is immune from any such claim. Garrett, 531 U.S. at 360. Retaliation claims under the ADA are brought pursuant to Title V, and courts have recognized they are also barred as to the States by the Eleventh Amendment. See, e.g., Dupree v. Owens, 92 F.4th 999, 1007 (11th Cir. 2024) (finding that sovereign immunity applies to Title V ADA claims when the Title V claim is based on an underlying Title I violation); Demshki v. Monteith, 255 F.3d 986, 988–89 (9th Cir. 2001) (same); Swatzell v. Bd. of Regents, Se. Mo. State Univ., No. 1:16-CV-00262 JAR, 2017 WL 3116150, at *4 (E.D. Mo. July 21, 2017) (same).

Additionally, while Plaintiff has not explicitly asserted a claim, there are references in her Complaint and Response in Opposition to the Family Medical Leave Act ("FMLA"). For example, Plaintiff states in her Complaint that she was disciplined while on FLMA leave and "harassed over FMLA thru [sic] emails." (ECF No. 1 at 6). To the extent Plaintiff would seek to bring an FLMA claim related to leave taken or requested on account of her own medical condition, it would be barred. See Coleman v. Court of Appeals of Md., 566 U.S. 30, 43-44 (2012) (Congress did not abrogate the States' right to Eleventh Amendment sovereign immunity from suits for money damages in enacting FMLA's self-care provision).

8

under the section titled "Parties." (ECF No. 1 at 1-2).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker, 831 F.3d at 1055.  There being no factual allegations in the Complaint that relate to Defendant Briescher, Plaintiff has failed to state a claim against Defendant Briescher under the ADA or any other statute or theory of liability.

Second, even if Plaintiff had pleaded factual allegations involving conduct by Defendant Briescher, Plaintiff cannot maintain a cause of action against an individual for violations of the ADA.  The Eighth Circuit has explicitly held that individuals may not be sued in their individual capacities under Title II of the ADA, Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), and it noted with approval that three other circuits have held that there is no liability under Title I against individuals who do not otherwise qualify as "employers" under the statutory definition. Id.; See also Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007); Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 744 (10th Cir. 1999); U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1280–82 (7th Cir. 1995).  Additionally, a number of judges in this District have held that individuals cannot be held liable under Title I of the ADA. See Tatum v. Delaware N. Sports Serv. N.Y., No. 4:20-CV-121 HEA, 2020 WL 1915304, at *3 (E.D. Mo. Apr. 20, 2020); Ebersole v. Novo Nordisk, Inc., 1:11-CV-25 SNLJ, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); McCann v. New World Pasta Co., No. 4:10-CV-1694 CDP, 2010 WL 4180717, at *2 (E.D. Mo. Oct. 20, 2010); Stevenson v. Best Buy Corp., No. 4:03-CV-1188 RWS, 2005 WL 3434770, at *3 (E.D. Mo. Dec. 14, 2005).  The Court concurs with the reasoning in these decisions and finds Defendant Briescher cannot be held liable under the ADA as an individual.

In sum, the Court finds Plaintiff is barred by the Eleventh Amendment from bringing an ADA claim for money damages against MDOC.  It further finds that Plaintiff cannot bring an

ADA claim against Defendant Briescher individually.  Consequently, the Court need not address whether Plaintiff sufficiently alleges that she is disabled within the meaning of the ADA.

        C.        **Failure to Exhaust Administrative Remedies**

Finally, Defendant Briescher and MDOC argue Plaintiff is barred from bringing claims of retaliation and harassment because she failed to administratively exhaust these claims.  In the Complaint, Plaintiff checked the boxes for "Retaliation" and "Harassment." It is not clear, however, under which statute Plaintiff is bringing these two claims.  While Plaintiff did not check the box on form complaint indicating that she was bringing a claim under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, there are, for example, factual allegations in the Complaint that she was harassed and subjected to jokes that were sexual in nature. To the extent Plaintiff is claiming that she was subject to sexual harassment, her claim would not arise under the ADA, but it could be cognizable under Title VII.  The Court will, therefore, evaluate whether Plaintiff met the exhaustion requirements under the ADA and Title VII.

Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under both Title VII and the ADA.  <u>Richter v. Advance Auto Parts, Inc.</u>, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA adopted Title VII's enforcement procedures). To assert a claim under the ADA or Title VII, Plaintiff must first have exhausted her administrative remedies by filing a charge of discrimination with the EEOC or Missouri Commission on Human Right ("MCHR").  <u>Lindeman v. Saint Luke's Hosp. of Kansas City</u>, 899 F.3d 603, 608 (8th Cir. 2018); <u>Russell v. TG Missouri Corp.</u>, 340 F.3d 735, 748 (8th Cir. 2003).  "The reason for requiring the pursuit of administrative remedies first is to provide the [administrative agency] with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and

conciliation." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted). "Exhaustion of administrative remedies entitling a claimant to bring a cause of action ... requires a claimant to give notice of all claims of discrimination in the administrative complaint." Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) (quotation omitted and emphasis added). "[T]he complainant must file a charge with respect to each alleged unlawful employment practice. ... Each discrete act is a different unlawful employment practice for which a separate charge is required." Id. at 851 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

To determine what federal claims a plaintiff has exhausted, the Court is to look to the boxes the complainant checked on the charge of discrimination, see Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011), and the narrative description of the allegations. See Tyler v. Univ. of Arkansas Bd. of Trustees, 628 F.3d 980, 989 (8th Cir. 2011). Further, "a plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." Wedow v. City of Kansas City, Mo., 442 F.3d 661, 672 (8th Cir. 2006) (quotation marks and citation omitted). Although a court should "liberally construe an administrative charge for exhaustion of remedies purposes, ... there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks and citation omitted).

Plaintiff attached to her Complaint a Right to Sue Notice from the EEOC. Her charge of discrimination, which was filed with the MCHR and is dated November 26, 2020, was attached to Defendant Briescher and MDOC's Memorandum in Support of the Motion to Dismiss.³ (ECF No.

---

³An administrative charge of discrimination is a matter of public record, "and thus [a] motion to dismiss [is] not converted to one for summary judgment by the attachment of a copy of the [administrative] charge." Faibisch v. Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002) (overruled in part on other grounds).

11

12, Ex. 1).  The form for the charge of discrimination instructs complainants to check the appropriate boxes for the alleged cause of discrimination.  Plaintiff checked the box for "Disability."  Plaintiff did not check the boxes for "Sex," "Retaliation," or "Other."

In the narrative section of her charge, Plaintiff states that she was denied a reasonable accommodation and later discharged "after I asked for leave because of Covid absences." (ECF No. 12, Ex. 1).  More specifically she writes that she took "several absences because of fevers due to her disability," but subsequently her additional requests for leave were denied. (Id.)  She concludes by stating "I believe I was denied a reasonable accommodation of leave because of my disability and discharged in violation of the ADA." (Id.)  Plaintiff does not complain of harassment or explicitly state that she was retaliated against.

Plaintiff does make the following statement in her charge: "After I complained to the MO Audit and Compliance Division and asked them to investigate my employer about unsafe working conditions, I was discharged." (Id.)  To the extent this statement could be interpreted as raising a claim of retaliation, Plaintiff does not make this claim in her Complaint.  Plaintiff makes general allegations about retaliation and alleges that she was disciplined when she filed "reports," (ECF No. 1 at 6), but she does not allege that she was discharged in retaliation for complaining to the MO Audit and Compliance Division.[4]

In short, the Court finds the claims of retaliation and harassment in Plaintiff's Complaint, whether she intends to bring them under the ADA or Title VII, are not like or reasonably related to the charge she filed with the MCHR, in which she checked the "Disability" box and alleged she

---

[4]Furthermore, even if Plaintiff's charge of discrimination could be interpreted as raising a claim of ADA retaliation that is like or related to a claim in Plaintiff's Complaint, the claim would be barred as to MDOC by the Eleventh Amendment. Garrett, 531 U.S. at 360; Dupree, 92 F.4th at 1007; Demshki, 255 F.3d at 988–89; Swatzell, 12017 WL 3116150 at *4.

was denied an accommodation and discharged because of her disability. Accordingly, Plaintiff cannot pursue retaliation or harassment claims under the ADA or Title VII in this Court. See Russell, 340 F.3d at 747–48 ("While [the plaintiff] did check the box for, and allege, a claim of disability discrimination, she cannot rely on that claim to show that she exhausted her administrative remedies with respect to her retaliation claim because it is well established that retaliation claims are not reasonably related to underlying discrimination claims.").

### V. Conclusion

For the reasons stated above, the Court finds MDOC is entitled to Eleventh Amendment sovereign immunity with regard to Plaintiff's claim that she was discriminated against in her employment based on her disability in violation of the ADA. The Court further finds Defendant Briescher cannot be held liable as an individual defendant under the ADA. Additionally, the Court finds Plaintiff failed to exhaust her administrative remedies with regard to claims of harassment or retaliation under the ADA and, moreover, the claims are barred under the Eleventh Amendment. Finally, to the extent Plaintiff intends to bring claims under Title VII, Plaintiff has failed to exhaust her administrative remedies with regard to these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Matt Briescher, Missouri Department of Corrections' Motion to Dismiss is **GRANTED.** [ECF No. 11]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __15th__ day of May 2024.